**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00286-REB

GUILLERMO LUIS TORRES BRODA,

Petitioner,

v.

FRANIA JAZMIN CEJA ABARCA,
a/k/a ANIA ZMIA ABIA,

Respondent,

and concerning the minor child,

G.F.T.C.

---

**ORDER MODIFYING
*EX PARTE* WARRANT, ABDUCTION PREVENTION ORDER,
AND *EX PARTE* TEMPORARY RESTRAINING ORDER [#9]**

---

**Blackburn, J.**

This matter is before the court on its own motion. On February 22, 2011, I issued an ***Ex Parte*** **Warrant, Abduction Prevention Order, and *Ex Parte* Temporary Restraining Order [filed *Ex Parte*]** [#9].[1] The warrant and order [#9] concern, in part, a minor child, G.F.T.C. The warrant and order [#9] direct, *inter alia*, that law enforcement officials take physical custody of the minor child, G.F.T.C., and place the minor child, as an interim matter, with a child protective agency, such as a department of social or human services, within the county or parish where the child is found.

On March 2, 2011, the petitioner filed two notices [#11, #12] with the court.

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Those notices indicate that the minor child, G.F.T.C., was found in Nogales, Arizona, and currently is in the physical custody of Arizona Child Protective Services, a division of the Arizona Department of Economic Security. The court has been informed that, under Arizona law, Arizona Child Protective Services cannot hold the child for more than 72 hours. A hearing in this case is set for Tuesday, March 8, 2011, at 1:30 p.m. These circumstances require that I enter further orders to ensure that the applicable law is enforced and that the status of the minor child is resolved promptly.

**THEREFORE, IT IS ORDERED** as follows:

1. That on or before 11:00 p.m. (Mountain Standard Time) on Thursday, March 3, 2011, the United States Marshals Service **SHALL TAKE PHYSICAL CUSTODY** of the minor child, G.F.T.C., from Arizona Child Protective Services;

2. That Arizona Child Protective Services, a division of the Arizona Department of Economic Security, **SHALL DELIVER PHYSICAL CUSTODY** of the minor child, G.F.T.C., to the United States Marshals Service on or before 11:00 p.m. (Mountain Standard Time) on Thursday, March 3, 2011;

3. That the United States Marshals Service **SHALL TRANSPORT** the minor child, G.F.T.C., to Denver, Colorado, as expeditiously as possible;

4. That promptly after her arrival in Denver, Colorado, the minor child, G.F.T.C., **SHALL BE PLACED**, as an interim matter, with the local child protective agency, the Denver Department of Human Services;

5. That the local child protective agency, the Denver Department of Human Services, **SHALL MAINTAIN SAFE AND SECURE PHYSICAL CUSTODY** of the minor child, G.F.T.C., pending further order of this court;

6. That my *Ex Parte* **Warrant, Abduction Prevention Order, and** *Ex Parte* **Temporary Restraining Order [filed** *Ex Parte*] [#9], filed February 22, 2011, is **MODIFIED** to include the terms and provisions of this present order;

7. That otherwise, the terms of my *Ex Parte* **Warrant, Abduction Prevention Order, and** *Ex Parte* **Temporary Restraining Order [filed** *Ex Parte*] [#9], filed February 22, 2011, **SHALL REMAIN IN FULL FORCE AND EFFECT**;

8. That a violation of this order or any order of this court **SHALL BE CONSIDERED** contempt of this court and shall be punished accordingly;

9. That the petitioner, through counsel, **SHALL PROVIDE** a copy of this order to Arizona Child Protective Services in Nogales, Arizona, specifically to caseworker, Beatriz Valera, and her supervisor, Marie Montenegro, as soon as practicable by any means reasonably calculated to communicate both the fact of entry and terms and provisions of this order, including, but not limited to, facsimile and/or electronic mail;

10. That the petitioner, through counsel, **SHALL PROVIDE** a copy of this order to the respondent, or her counsel, as soon as practicable by any means reasonably calculated to communicate both the fact of entry and terms and provisions of this order, including, but not limited to, facsimile and/or electronic mail; and

11. That the petitioner, through counsel, **SHALL SERVE** this order on the respondent, via any means permissible under the Federal Rules of Civil Procedure, as soon as possible.

Dated March 3, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

3