**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00286-REB

GUILLERMO LUIS TORRES BRODA,

Petitioner,

v.

FRANIA JAZMIN CEJA ABARCA,
a/k/a ANIA ZMIA ABIA,

Respondent,

and concerning the minor child,

G.F.T.C.

---

**ORDER CONCERNING
*EX PARTE* WARRANT, ABDUCTION PREVENTION ORDER,
AND *EX PARTE* TEMPORARY RESTRAINING ORDER [#9]**

---

**Blackburn, J.**

This matter is before the court on its own motion. On February 22, 2011, the court issued an *Ex Parte* Warrant, Abduction Prevention Order, and *Ex Parte* Temporary Restraining Order [filed *Ex Parte*] [#9][1]. On March 3, 2011, the court issued an **Order Modifying *Ex Parte* Warrant, Abduction Prevention Order, and *Ex Parte* Temporary Restraining Order [#9]** [#17]. The March 3, 2011, order [#17] directs the United States Marshals Service immediately to take physical custody of the minor child who is the subject of this case, G.F.T.C., and to transport the minor child to Denver.

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

After my March 3, 2011, order [#17] was issued, both the mother and the father of G.F.T.C. signed written agreements in which they consented to a temporary voluntary placement of G.F.T.C. in the custody of Arizona Child Protective Services, a division of the Arizona Department of Economic Security.  Counsel for Arizona Child Protective Services has informed this court that Arizona Child Protective Services has accepted the agreements and consents of both parents.  The temporary voluntary placement of G.F.T.C. with Arizona Child Protective Services eliminates any urgent need for the United States Marshals Service to take custody of G.F.T.C. and to transport her to Denver.  Given these new circumstances, I modify my **Order Modifying *Ex Parte* Warrant, Abduction Prevention Order, and *Ex Parte* Temporary Restraining Order [#9]** [#17] filed March 3, 2011 as stated below.

**THEREFORE, IT IS ORDERED** as follows:

1.  That my order [#17] that the United States Marshals Service take physical custody of G.F.T.C. on or before 11:00 p.m. (mountain standard time) on Thursday, March 3, 2011, is **WITHDRAWN**;

2.  That my order [#17] that Arizona Child Protective Services deliver physical custody of the minor child, G.F.T.C., to the united States Marshals Service on or before 11:00 p.m. (mountain standard time) on Thursday, March 3, 2011, is **WITHDRAWN**;

3.  That my order [#17] that the United States Marshals Service transport the minor child, G.F.T.C., to Denver, Colorado as expeditiously as possible is **WITHDRAWN**;

4.  That my order [#17] that the minor child, G.F.T.C., be placed, as an interim matter, with the  with the local child protective agency, the Denver Department of Human Services, is **WITHDRAWN**;

5.  That the terms of both my *Ex Parte* **Warrant, Abduction Prevention Order, and** *Ex Parte* **Temporary Restraining Order [filed** *Ex Parte***]** [#9] February 22, 2011, and my **Order** [#14] filed March 1, 2011, **SHALL REMAIN IN FULL FORCE AND EFFECT** pending further order of this court;

6.  That as set previously, on March 8, 2011, commencing at 1:30 p.m. (mountain standard time), the court **SHALL HEAR** the issues raised by and inherent to the petition [#1] filed February 3, 2011;

7.  That the petitioner, through counsel, **SHALL  PROVIDE** a copy of this order to Child Protective Services in Nogales, Arizona, specifically to caseworker, Beatriz Valera, and her supervisor, Marie Montenegro, as soon as practicable by any means reasonably calculated to communicate both the fact of entry and terms and provisions of this order, including, but not limited to, facsimile and/or electronic mail;

8.  That the petitioner, through counsel, **SHALL PROVIDE** a copy of this order to the respondent, or her counsel, as soon as practicable by any means reasonably calculated to communicate both the fact of entry and terms and provisions of this order, including, but not limited to, facsimile and/or electronic mail; and

9.  That the petitioner, through counsel, **SHALL SERVE** this order on the respondent, via any means permissible under the Federal Rules of Civil Procedure, as soon as possible.

Dated March 4, 2011, at Denver, Colorado.

                                                               **BY THE COURT:**

                                                               /s/ Robert E. Blackburn
                                                               Robert E. Blackburn
                                                               United States District Judge